# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS, INDIANA

| | |
|---|---|
| NICOLE ERTEL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:22-CV-01285 |
| | ) |
| HARDING GROUP, LLC | ) |
| HOWARD COMPANIES, LLC | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendants. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on May 27, 2022.

### PARTIES

3. Plaintiff is woman and at all relevant times she resided in the Northern District of Indiana.

4. Defendants are Corporations doing business in the State of Indiana in the Southern District of Indiana.

### FACTS

5. Plaintiff began working for the Defendant in 2016.

6. Plaintiff performed her job well.

7. During Plaintiff's employment there were only two women in the director positions out of the fifteen-member leadership team.

8. Plaintiff and her female co-worker were both paid significantly less than similarly situated male executives.

9. Plaintiff was sexually harassed and exposed to a sexually hostile work environment by Defendant's owner.

10. The sexual harassment consisted of Defendant's owner referencing Plaintiff's anatomy and that of other women, taking Plaintiff's hand, rubbing her palms, hugging her, stroking her hair, touching her lower back and bottom, attempted to kiss her and informing her that "if you weren't married I'd take you home tonight."

11. The sexual harassment occurred on a daily basis

12. Plaintiff made repeated reports to Defendant's Human Resources Department.

13. Defendant's Human Resources manager agreed with Plaintiff that Defendant's owner would retaliate against her and nothing was done.

14. In December 2017, while at a company event, Defendant's owner hugged Plaintiff and told her "you are not going to report me to "me too"" and Plaintiff responded by saying, "don't do anything to make me haft to."

15. In January 2018, Defendant's owner circulated a pornographic picture on his telephone and showed it to Plaintiff.

16. In 2018, Defendant's owner stroked Plaintiff's hair, continued to touch her, and made inappropriate comments about women in Plaintiff's present.

17. After that incident, Plaintiff attempted to avoid Defendant's owner.

18. In 2019, the co-owner stuck his tongue out at Plaintiff in a very sexual gesture.

19. In June 2019, Plaintiff was terminated because she was no longer needed.

20. However, Plaintiff was replaced by a younger individual who did not complain of sexual harassment.

21. However, male colleagues were given jobs even though they were less qualified than Plaintiff.

22. Plaintiff was sexual harassed.

23. Plaintiff was subjected to a hostile work environment.

24. Plaintiff was terminated due her gender.

25. Plaintiff was terminated due to her age.

26. Plaintiff was terminated due to engaging in protected activity.

## COUNT I

27. Plaintiff incorporates by reference paragraphs 1-26.

28. Defendants, as a result of terminating Plaintiff due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT II

29. Plaintiff incorporates by reference paragraphs 1-26.

30. Defendants, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

31. Plaintiff incorporates by reference paragraphs 1-26.

32. Defendants, as a result of terminating Plaintiff due to her age, violated, Age in Employment Discrimination Act of 1967.

## COUNT IV

33. Plaintiff incorporates by reference paragraphs 1-26.

34. Defendants, as a result of sexual harassing Plaintiff due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT V

35. Plaintiff incorporates by reference paragraphs 1-26.

36. Defendants, as a result subjecting Plaintiff to a hostile work environment, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by a jury.

                Respectfully Submitted

                s//Amber K. Boyd
                Amber K. Boyd 31235-49
                Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416